Reese, J.
delivered the opinion of the court.
The plaintiff in error, 'William D. Marrigan, made to James C. Ring, the following note or instrument:
“Due Mr. James C. Ring or order one hundred dollars-in tailoring, I the said undersigned furnishing cloths at the city prices, also tailoring services.
Nashville, Sept. 1, 1841. Wm. D. Marrigan.”
This noté, by a written endorsement thereon, was assigned by James C. Ring to the defendant in error. The defendant in error, the assignee of the instrument, having given ten days notice to the maker, of the place where payment was to be made, as was supposed to be required by the act of 1807, and *248 default having been made, brought his suit before a Magistrate, and recovered a judgment for one hundred dollars. Marrigan appealed to the Circuit Court, where judgment was again rendered against him. He has appealed, in error, to this court, and he has here, by his counsel, in argument, assigned several supposed errors.
1st. That this instrument is not assignable by law, so that the assignee can maintain an action in his own name. But by express legislative enactment, a note or agreement for the payment or delivery of specific articles, or for the performance of any duty is made assignable, and the assignee authorized to prosecute a suit in his own name. And as to the form of this instrument, a due bill is in legal effect a promissory ndte, and assignable as such, and when for a money demand, negotiable also. /
2. It is insisted, that the act of 1807, ch. 95, provides, that the ten days notice must be given by the páyee, and does not mention in terms and eo nomine, an assignee, and it is insisted that an assignee cannot give the notice. If this were so, one of two consequences would follow, either that the assignee could not sue at all upon such instrument, or that he could recover the money without such notice. But he can sue in his own name, by the express provisions of the act of 1801.
The other consequence, therefore, would follow, that when assignment has taken place, the maker of such instrument, must in every case pay the money at all events, instead of delivering the specific articles or performing the stipulated services; a construction which would narrow or defeat, but not advance the legislative remedy, intended for the benefit, not of the holders, but the makers of such instruments; a construction, therefore, for which the latter have no motive or reason to contend. The word “payee,” therefore, in tire act of 1807 must be held to embrace the person beneficially entitled to recover the specific articles, the services, or their equivalent, the money.
3rd. It is further insisted, that the Justice of the Peace had no jurisdiction in the present case. By the act of 1835-6, a Justice has jurisdiction to the extent of one hundred dollars, where *249 the evidence of the demand is such as the statute requires, and where the demand itself does not sound in damages.' A-demand for specific articles, or for the performance of services, where the contract does not specify the money value of those articles or services, does sound in damages, does necessarily require the production of testimony for the ascertainment and assessment of value before the tribunal rendering the judgment. And if the value of such articles or services exceed fifty dollars, the Justice has no jurisdiction, the legislature not having confided to him in demands above that amount, any further power or duty than, on the part of the plaintiff, to compute the interest on the amount specified by the terms of the instrument; and on the part of the defendant, to investigate and determine questions.as to the validity of the instrument, its payment, satisfaction and the like. ’ But although by the terms of the contract, specific articles are to be delivered, or services to be performed, yet if such contract ascertain the money value of such articles or services, the Justice will have jurisdiction to the extent given by the legislature for money demands; because such claim does not sound in damages; because no testimony has to be adduced or heard to ascertain or assess the value of the articles or services; no judgment or discretion on the part of-the Justice to be exerted to fix the limit of the plaintiff’s claim as existing on the face of the instrument, the terms of the contract itself having specified the .money value of the demand.
These 'general principles will apply to and determine every case which can arise. They apply to and determine the cases, where a party stipulates to pay any given amount “of” or “in” bank notes, or cash notes. Here, although the word “dollars” is a term of the contract, yet it is held upon the construction of such instruments, not to be a term employed for the purpose of fixing the money value of such demand, but a termrefering itself to the word “dollars” as used in the bank notes, or cash notes, stipulated to be received in payment, and meaning the numerical amount, and not the value of the specified dollars in bank notes, or cash notes, and, therefore, such demand “sounds in damages”; proof must be heard; investigation take place; judgment and discretion be exerted to ascertain and assess the *250 money value of the numerical amount of the bank note, or cash note “dollars” specified. This the Justice is not trusted to do, above the amount of fifty dollars. There are contracts not very unlike, in terms, the one above described, where a Justice would have jurisdiction, as where a party stipulates to pay so many dollars — evidently using that term, as meaning the standard of money value — and super-adds a condition, that that amount of money or standard value may be discharged, or will be received in the same nominal or numerical amount of bank notes. Here if the bank notes, or cash notes, be not paid at the time specified, the sum certain of the standard or money value mentioned in the contract is due, and a Justice, upon the general principles herein stated, would have jurisdiction. If these distinctions seem nice, and produce much practical difference in cases where parties to contracts may be supposed, by some, to have intended none, still they result from the application of general principles of construction long since adopted in this State, and too firmly fixed to be now shaken.
They must now be well understood in all our courts of justice, and a little judicious enquiry and enlightened attention on the part of Justices, may protect them from frequent practical error.
We are of opinion, therefore, that in the case before us, the Justice of the Peace had jurisdiction, and upon the whole matter, we affirm the judgment of the Circuit Court.